UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRESE DAVON KNIGHT,

        Plaintiff,

v.

CITY OF DETROIT, et al.,

        Defendants.
_____/

Case No. 2:23-cv-10295

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER (1) GRANTING DEFENDANT FUNCHES'S MOTION TO SET ASIDE DEFAULT (ECF No. 37), (2) SETTING ASIDE CLERK'S ENTRY OF DEFAULT (ECF No. 31), (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT FUNCHES (ECF No. 36), (4) DENYING DEFENDANTS RULOFF AND WEBB'S MOTION TO DISMISS (ECF No. 32), and (5) DENYING DEFENDANT FUNCHES'S MOTION TO DISMISS (ECF No. 38)**

In this § 1983 case, Plaintiff Tyrese Davon Knight sues four Detroit Police Department (DPD) officers and the City of Detroit, alleging the officers violated his Fourth and Fourteenth Amendment rights when they used excessive force to handcuff and detain him without probable cause. Although Knight filed his complaint in February 2023, the case has been plagued by service-of-process difficulties and disputes. As a result, this Court authorized multiple extensions of time for service and the use of alternate service, which finally allowed Plaintiff to effectuate service in May and June 2024.

Now, three Officer Defendants seek dismissal from the case, arguing that Knight did not properly effectuate service of the complaint and summons according to the time prescribed by the Federal Civil Rules. But, as explained below, the Court authorized several time extensions to effectuate service and authorized alternate means of service, such that Knight's service of process was proper. Accordingly, the Officers' motions to dismiss will be denied.

## I. BACKGROUND

### A. Knight's Factual Allegations

On February 4, 2021, Plaintiff Tyrese Davon Knight was walking toward the intersection of Ellsworth Street and Woodmont Avenue in Detroit, Michigan during a snowstorm. ECF No. 1 at PageID.4–5. Four DPD Officers—Otis Funches, Ryan Ruloff, Matthew Webb, and J. Erwin—had stopped a car near that intersection, and as Knight walked toward where the officers were stopped, he "attempt[ed] to communicate" with them. *Id.* In response, one of the DPD Officers ran toward Knight with his gun drawn and pointed at Knight, ordering him get on his knees. *Id.* at PageID.5. Seconds later, DPD Officers placed Knight in handcuffs, injuring Knight's left hip and right wrist in the process. *Id.* Knight remained handcuffed in the snow for some time, before the DPD Officers released him without charges. *Id.*

### B. Procedural History

On February 3, 2023, Knight filed a complaint against the four DPD officers

involved in the incident almost two years earlier, alleging the officers violated his Fourth and Fourteenth Amendment rights by detaining him in handcuffs and using excessive force. *Id.* at PageID.7–9. He further alleges the DPD officers who were present at the scene but did not personally handcuff him are liable for failing to intervene, *id.* at PageID.13–14, and that the City of Detroit is liable under *Monell*, *see id.* at PageID.9–13. Finally, Knight brings four state-law claims for (1) negligence/gross negligence; (2) assault and battery; (3) intentional and/or negligent infliction of emotional distress; and (4) false imprisonment. *Id.* at PageID.14–16. Summonses for all Defendants were issued on February 6, 2023. ECF No. 3.

On May 1, 2023, Plaintiff served a copy of the complaint and summons on the City of Detroit and the Detroit Police Department. ECF Nos. 4; 5. But on May 6, 2023, Plaintiff filed an *ex parte* motion to extend the time for service upon the individual officer defendants by 90 days. ECF No. 6. One week later, United States District Judge Shalina D. Kumar, the judge originally assigned to this case, granted the motion, extending the time for Knight to serve the complaint and summons on the individual officer defendants to August 2, 2023. ECF No. 7.

On July 5, 2023, Counsel for the City of Detroit and Defendant Erwin[1] filed an answer to Knight's Complaint. ECF No. 8. Then, after three months of no activity

---

[1] It is not clear from the docket when Defendant Erwin was served, but the Parties do not appear to dispute that he was served properly.

on the docket, Judge Kumar directed Knight to show cause why his claims against Defendants Detroit Police Department, Funches, Ruloff, and Webb should not be dismissed for failure to prosecute. ECF No. 9. On October 16, 2023, Knight filed a response to the show-cause order detailing multiple attempts to serve the individual officer defendants and requested a court order for substituted service—which would allow him to perfect service upon them through service of the complaint and summons on the City of Detroit. ECF No. 10. No order was issued addressing Knight's request for substituted service, likely because the request was labeled as a *response* to a show-cause order and not as a *motion* in the Court's case management system. *See id.*

On February 28, 2024, counsel for Knight and counsel for the City of Detroit and Erwin attended a telephonic status conference with Judge Kumar. *See* ECF No. 11. A minute entry for the status conference notes that Knight would "refile his motion for substituted service and to extend summons by the end of the week."

Indeed, two days later, Knight filed a motion seeking permission to perfect service upon the remaining individual officer defendants by emailing a copy of the complaint and summons to the City of Detroit's attorney, serving a copy of the complaint and summons upon the City of Detroit, and mailing a copy of the complaint and summons to the last-known addresses of each individual defendant. ECF No. 14 at PageID.232–33. The City of Detroit and Defendant Erwin opposed

Knight's motion, arguing Knight had not adequately attempted service and his proposed alternative service methods did not comply with Civil Rule 4(m). ECF No. 17.

On April 2, 2024—while Knight's Motion for Alternative Service was pending—the case was reassigned from Judge Kumar to the undersigned according to Administrative Order 24-AO-007. On May 23, 2024, the Parties attended a status conference with the undersigned, at which a number of administrative issues were discussed. First, the Parties agreed they would file a stipulated order dismissing the Detroit Police Department as a defendant.[2] Second, the Parties discussed Plaintiff's attempts to serve Defendants Funches, Ruloff, and Webb (collectively the "Three Officer Defendants") and the City agreed it would provide Plaintiff with the last-known addresses of those individual defendants, some of whom were no longer employed by the City.

Four days later, this Court granted Knight's motion seeking alternative service and directed Knight to effect service upon the Three Officer Defendants on or before June 3, 2024, by USPS first-class mail, posting service on the front door of their last-known residential addresses, and publishing notice in the Detroit News. ECF No. 18 at PageID.360–61. The order also directed the Clerk of the Court to issue new summonses for those Three Officer Defendants to be valid for 30 days. *Id.* at

---

[2] No such stipulation has been filed as of the date of this Opinion and Order.

PageID.361. Knight's attorney then contacted the clerk's office to request that summonses be issued for the Three Officer Defendants, and the clerk's office issued summonses for those defendants on May 10, 2024. ECF No. 19.

During a May 23, 2024, status conference, Knight's attorney requested that service in the Detroit News not be required because of the high cost of doing so. *See* ECF No. 20. Thus, this Court entered an order on May 29, 2024, which relieved Knight from the publishing requirement and directed the City of Detroit to provide Knight "with the last-known home addresses" for the Three Officer Defendants, subject to a protective order. ECF No. 22 at PageID.379–80.

On June 6, 2024, the Parties attended a status conference during which Knight's attorney confirmed the Three Officer Defendants had been served.[3] The Parties also agreed on a schedule for submitting and briefing motions to dismiss. *See* ECF No. 24. The schedule identified July 8, 2024, as the deadline for Defendants to file a motion to dismiss if they so wished. *See id.* at PageID.392.

Despite setting those deadlines, Knight requested a clerk's entry of default against the Three Officer Defendants on June 27, 2024. *See* ECF Nos. 28; 29; 30. The clerk's office entered default later that same day, likely because no attorney had

---

[3] On June 11, 2024, Knight filed proof of service for all three individual defendants. *See* ECF Nos. 25; 26; 27. Defendants Ruloff and Webb were served on May 30, 2024, *see* ECF Nos. 26; 27, and Defendant Funches was served on June 3, 2024, *see* ECF No. 25.

- 6 -

filed an appearance on behalf of those Defendants at that time. ECF No. 31.

On July 3, 2024, Defendants Ruloff and Webb filed a motion to dismiss through the same counsel who represents the City of Detroit and Defendant Erwin. ECF No. 32. Ruloff and Webb argued Knight's claims against them should be dismissed because they were barred by the statute of limitations and they had not been served properly. *Id.*

By late October, Defendant Funches had not responded to the complaint nor had an attorney entered an appearance on his behalf. So, on October 24, 2024, Knight filed a motion for default judgment against Defendant Funches. ECF No. 36. Four days later, Defendant Funches responded through counsel—the same counsel who now represented all Officer Defendants and the city of Detroit—and filed a motion to set aside the clerk's entry of default, ECF No. 37, as well as a motion to dismiss premised on the same arguments made in Defendants Roloff and Webb's motion, ECF No. 38.

Thus, at this point there are two issues this Court must address before this case may proceed: (1) the status of Knight's claims against Defendant Funches, *see* ECF Nos. 36; 37; and (2) the motions to dismiss filed by Defendants Funches, Ruloff, and Webb, ECF Nos. 32; 38. As explained below, as to the first issue, Defendant Funches's motion to set aside default will be granted, default against him will be set aside, and Knight's motion for default judgment against Funches will be denied as

moot. As to the second issue, the motions to dismiss will be denied.

## II. DEFENDANT FUNCHES'S MOTION TO SET ASIDE DEFAULT

### A. Standard

Courts "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). In assessing whether the movant has shown good cause, courts consider whether (1) culpable conduct of the defendant caused the default; (2) the defendant has meritorious defenses; and (3) the plaintiff will be prejudiced by a set-aside. *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see also Kuhnmuench v. LivaNova PLC*, 323 F.R.D. 563, 565 (E.D. Mich. 2017). Although all three factors must be considered, the most important two are prejudice to the plaintiff and the presence of a meritorious defense. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (noting that "when a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead" (internal quotations omitted)).

Notably, courts should apply an "extremely forgiving" lens when analyzing motions to set aside default entries, because within the Sixth Circuit, there is a strong preference for "resolving cases on the merits instead of on the basis of procedural missteps." *Id.* at 322 (collecting cases); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011).

## B. Analysis

Having considered all three factors, this Court will set aside the clerk's entry of default, ECF No. 31.

First, Defendant Funches's conduct causing the entry of default was not culpable. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986); *see also Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). Here, Funches explains he did not file an answer or motion to dismiss because he was not aware of the proceedings against him until September 2024—at which point he sought counsel. *See* ECF No. 37 at PageID.626. This explanation does not demonstrate recklessness or an intent to thwart judicial proceedings, so the first factor weighs in favor of setting aside the default.

Second, Defendant Funches claims he has a meritorious defense. "For the purposes of setting aside a clerk's entry of default, the defendant need not show a likelihood of success on the merits." *Angulo v. Serendipity Day Spa, LLC*, No. 1:23-CV-11820, 2024 WL 1758210, at *3 (E.D. Mich. Apr. 24, 2024) (citing *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)). Instead, the defendant need only show at least one defense is "good at law" or contains "even

a hint of a suggestion which, proven at trial, would constitute a complete defense." *INVST*, 815 F.2d at 398 (internal quotations omitted); *see also Thompson*, 95 F.3d at 434. The "key consideration" is whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST*, 815 F.2d at 399 (internal quotations omitted). Here, Funches argues that Knight's claim against him should be dismissed not only for alleged procedural defects, but also because Funches asserts "he did not commit the alleged unconstitutional actions." ECF No. 37 at PageID.627. Thus, the second factor weighs in favor of setting aside the default.

Third, setting aside the clerk's entry of default against Defendant Funches would not prejudice Knight. Indeed, Knight did not file any opposition to Defendant Funches' set-aside motion. Thus, the third factor favors a set-aside as well.

In sum, Defendant Funches has shown good cause under Civil Rule 55(c) to set aside the Clerk's entry of default. So, Defendant Funches's motion, ECF No. 37, will be granted, the entry of default, ECF No. 31, will be set aside,[4] and Plaintiff's

---

[4] This Court notes that the clerk's entry of default also names Defendants Ruloff and Webb. *See* ECF No. 31. Although neither Defendants Ruloff or Webb have filed a motion to set that default aside, there is undoubtedly good cause to do so, as all Parties agreed at the June 6, 2024, status conference that Defendants Ruloff and Webb could file a motion to dismiss on or before July 8, 2024. *See* ECF No. 24. And they did so. *See* ECF No. 32. Thus, this Court will *sua sponte* "set aside the entry of default [against Defendants Ruloff and Webb] under [Civil] Rule 55(c)." *Annette v. Haslam*, No. 3:18-cv-1299, 2020 WL 5226622, at *2 (M.D. Tenn. Apr. 29, 2020)

motion for default judgment, ECF No. 36, will be denied as moot.

### III. THE THREE OFFICER DEFENDANTS' MOTIONS TO DISMISS

Defendants Ruloff and Webb filed their motion to dismiss in July 2024. ECF No. 32. Defendant Funches filed his motion to dismiss three months later, when he filed his motion to set aside default. ECF No. 38. Although filed separately, both motions present the same arguments *See* ECF No. 38 at PageID.641–42 ("Instead of repeating all of the previously made arguments, Defendant [Funches] incorporates by reference the case authority and arguments made in [Defendants Ruloff and Webb's] motion" and reply brief."). Thus, the motions will be addressed together.

The Three Officer Defendants seek dismissal of Knight's claims against them for three reasons, each of which "stems from the same basic principle that [Knight] failed to serve the summons and complaint on [these] Defendant Officers before the statute of limitations ran." ECF No. 32 at PageID.408–09. Specifically, the Three Officer Defendants argue (1) the statute of limitations expired; (2) this Court lacks personal jurisdiction over them because service was never executed; and (3) Knight failed to properly serve an active summons on these Defendants. ECF No. 32. But each of these arguments relies on a fatal mischaracterization of the facts. Thus, as explained below, the Three Officer Defendants' motions to dismiss will be denied.

---

(collecting cases), *report and recommendation adopted,* No. 3:18-cv-1299, 2020 WL 2520512 (M.D. Tenn. May 18, 2020), *appeal dismissed sub nom. Annette v. Bradley*, No. 20-5657, 2021 WL 2554211 (6th Cir. Apr. 8, 2021).

### A. Statute of Limitations

The Three Officer Defendants first assert that, "as of February 4, 2024,"[5] Knight's claims are barred by the applicable statute of limitations. ECF No. 32 at PageID.412. In arguing this point, the Three Officer Defendants ignore the fact that Knight filed his claims against them on February 3, *2023*—more than a year before the statute of limitations for § 1983 claims expired. *See* ECF No. 1. But ignoring a fact does not make it untrue. In reality, Knight filed his complaint before the statute of limitations expired. *See id*. And Defendants have not pointed to—nor has this Court found—*any* case which suggests courts look to the *date of service* when determining whether a complaint was filed within the relevant statute of limitations.[6]

To the contrary, courts consistently look to the date on which the complaint was filed to analyze compliance with the statute of limitations. *See In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 595 (E.D. Mich. 1985) (analyzing compliance with statute of limitations by looking to date of *filing of complaint*, not date of service); *Leithauser v. City of Madison Heights*, 577 F. Supp. 994, 997 (E.D.

---

[5] The Parties do not appear to dispute for purposes of this motion that February 4, 2024, is the date the statute of limitations would have expired.
[6] The Three Officer Defendants cite a 1999 Supreme Court case, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, to support their assertion that the date of service should apply when analyzing whether a claim complies with the statute of limitations. *See* ECF No. 35 at PageID.576–77. But *Murphy* does not support such an assertion. *Murphy* instead frames the issue of timeliness of service as a *personal-jurisdiction* issue, not a statute of limitations issue. *See Murphy*, 526 U.S. at 350. Thus, *Murphy* is inapplicable here.

Mich. 1984) (same); *McCloskey v. City of Pontiac*, No. 05-73936, 2007 WL 325341, at *3 (E.D. Mich. Jan. 31, 2007) (same); *Franklin v. City of Southfield*, No. 16-13140, 2018 WL 11224401, at *4 (E.D. Mich. Mar. 29, 2018) (same). And looking to the date Knight filed his complaint, his claims are not barred by the statute of limitations. ECF No. 1.

## B. Service of Complaints and Summons

The Three Officer Defendants next argue that Knight's claims should be dismissed because Knight failed to properly serve the complaint and summons on them in a timely manner. ECF No. 32 at PageID.412–15. According to the Three Officer Defendants, this failure (1) deprives the Court of personal jurisdiction over these Defendants such that they should be dismissed under Civil Rule 12(b)(2); and (2) warrants dismissal under Civil Rule 12(b)(4)–(5). *Id.*

Specifically, the Three Officer Defendants argue that Knight's deadline to effectuate service was August 2, 2023, and that the Court should have dismissed Knight's claims against these Defendants at that point under Civil Rule 4(m) instead of providing additional opportunities for service. *See* ECF No. 32 at PageID.412–14. But this argument is merely an attempt to relitigate whether the Court should have extended Plaintiff's time for service under Civil Rule 4(m). Thus, a brief refresher on Civil Rule 4(m) is useful. The rule reads:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

> dismiss the action without prejudice against that defendant *or* order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m) (emphasis added).

In other words, courts have two options after a plaintiff fails to serve a defendant within 90 days. Courts may either (1) dismiss the action without prejudice; or (2) order that service be made within a specified time. *See id.* But *if* the plaintiff shows good cause for the failure, courts *must* select the second option. *See id.*

Here, the Court chose the second option: it granted additional time for service after the August 2, 2023 deadline upon Knight's showing of good cause. *See* ECF No. 18 at PageID.36 (granting Knight requested extension of time for service and directing Knight to serve Defendants Funches, Ruloff, and Webb by June 3, 2024). And the Civil Rules "convey a clear message" that "[c]omplaints are not to be dismissed if served within [the proscribed time], or *within such additional time as the court may allow.*" *Henderson v. United States*, 517 U.S. 654, 663 (1996) (emphasis added). Thus, because the Court allowed Plaintiff more time to serve the Three Officer Defendants and Plaintiff served them within that allowed time, service was proper, so Plaintiff's complaint should not be dismissed.

Finally, to the extent the Three Officer Defendants argue that the summonses they were served were invalid, thus rendering service invalid, *see* ECF No. 32 at PageID.415–16, those arguments are based entirely on *Michigan* Court Rules, which

establish an expiration date for summonses and a time limit on how long a summons may be extended. *See* MICH. CT. R. 2.102(D). But there is no such *federal* rule placing those temporal limitations on the extension of time for service or summons. *See generally* FED. R. CIV. P. 4.

In sum, Knight's case was filed within the relevant statute of limitations, and his service of the complaint and summons upon the Three Officer Defendants was valid under Civil Rule 4(m). Thus, their motions to dismiss, ECF Nos. 32; 38, will be denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant Funches's Motion to Set Aside Default, ECF No. 37, is **GRANTED**;

2. The Clerk's Entry of Default, ECF No. 31, is **SET ASIDE**;

3. Plaintiff's Motion for Default Judgment against Defendant Funches, ECF No. 36, is **DENIED AS MOOT**;

4. Defendants Ruloff and Webb's Motion to Dismiss, ECF No. 32, is **DENIED**; and

5. Defendant Funches's Motion to Dismiss, ECF No. 38, is **DENIED**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 19, 2025